FILED
2018 SEP 27 PM 12:59
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR AGUIRIANO, an individual,

    Plaintiff,

vs.

SOUTH STREET RESTAURANT GROUP, INC., a Florida profit corporation,

    Defendant.
_____/

CASE NO.:

2:18-CV-642-FtM-29CM

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Oscar Aguiriano ("Plaintiff"), by and through undersigned counsel, sues Defendant, South Street Restaurant Group, Inc. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standard Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Collier County, Florida and within the jurisdiction of the Middle District of Florida, Fort Myers Division.

## PARTIES

4. Plaintiff was and is a resident and citizen of Collier County, Florida. At all times pertinent, Plaintiff worked for Defendant in Collier County, Florida as a line cook.

5. Defendant was and is a Florida profit corporation conducting business in the Middle District of Florida, Fort Myers Division, and subject to the requirements of the FLSA.

6. At all times material, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(1); Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. §§ 203(a) and (d); and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FLSA COVERAGE

7. At all times material, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203(s).

8. At all times material, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9. Defendant was and is a Florida profit corporation with a principal place of business and conducting business in Collier County Florida, and subject to the requirements of the FLSA.

10. Defendant is an enterprise engaged in interstate commerce, or in the production of goods for interstate commerce, with an annual gross volume of revenue not less than Five Hundred Thousand Dollars ($500,000.00).

11. Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as food products, beverages, and restaurant supplies.

12. Defendant employs employees that are individually covered by the FLSA, such as servers that interact daily with non-Florida resident customers, process credit cards from out-of-state banks, and handle cash as part of their job, as well as the employees responsible for making orders through and interacting with food and alcohol vendors.

13. Defendant is in the business of providing food and alcoholic and non-alcoholic drinks to the public that wish to eat and/or drink in Collier County, Florida. Defendant is a relatively large, popular, and busy restaurant and full bar, specializing in Italian food, pub fare, alcoholic drinks, and craft beers on tap from Florida as well as from other states. Defendant also provides live entertainment seven (7) days per week (including from out of state artists and artists traveling between states), and has a large space devoted to hosting and catering corporate and private events, which is frequently utilized. Defendant occupies a large commercial restaurant on the busy corner of Pine Ridge Road and Goodlette-Frank Road in Naples, Florida.

14. Plaintiff regularly prepared food for customers traveling from outside of Florida into Florida.

15. Plaintiff was individually covered by the FLSA.

**GENERAL ALLEGATIONS**

16. Defendant employed Plaintiff in Collier County, Florida, as a line cook, for approximately three (3) years, through on or around, September 13, 2018. Plaintiff's primary job duties included preparing food for customers of Defendant.

17. Plaintiff did not satisfy the salary basis requirements for any white collar exemptions. Plaintiff also did not have discretion over matters of significance, and did not supervise other employees, perform management functions, or provide significant input in the hiring or firing of other employees. Plaintiff also performed predominantly non-office work and manual work. As such, for FLSA purposes, Plaintiff was not employed in a bona fide executive, professional, or administrative capacity.

18. Plaintiff regularly worked ten (10) to twelve (12) hour days, five (5) days per week while employed by Defendant.

19. For the past two (2) years, Defendant compensated Plaintiff on an hourly basis at an hourly rate of $21.25 per hour. Defendant failed to compensated Plaintiff for any hours which Plaintiff worked over forty hours in a workweek (i.e., Plaintiff was only compensated for his first 40 hours worked each week).

20. Defendant knew that it was a violation of the FLSA not to compensate Plaintiff at rate of not less than one and one-half his regular rate for all hours worked in a work week over forty (40) hours.

21. Defendant willfully violated the FLSA and failed to provide Plaintiff overtime compensation.

22. Defendant failed to keep proper time records for certain employees, including Plaintiff.

23. To the extent any time records exist, concerning the number of hours worked and amounts to be paid to Plaintiff, the records are in the possession and custody of Defendant.

24. Plaintiff has been required to retain counsel to prosecute the claims herein, and is obligated to pay counsel reasonable attorneys' fees and costs.

25. All conditions precedent to this action have been satisfied.

## COUNT I
### (Overtime Compensation Due Under the FLSA)

26. Plaintiff re-alleges paragraphs 1 through 25 as if set forth fully herein.

27. Plaintiff worked more than forty (40) hours in a week one or more weeks during his employment with Defendant.

28. Defendant failed to compensate Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek.

29. Defendant's failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

30. Defendant owes Plaintiff unpaid overtime compensation.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction over this action;

    b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c. award liquidated damages, pursuant to 29 U.S.C. § 215(b), in an amount equal to the overtime compensation owed to Plaintiff, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

    d.    award Plaintiff recovery of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

    e.    entry of final judgment against Defendant;

    f.    declare that Plaintiff was a non-exempt employee of Defendant; and

    g.    award all other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff does hereby demand a Jury Trial on all issues and claims so triable.

_/s/ Bradley P. Rothman_
Bradley P. Rothman, Esq.
Florida Bar No. 0677345
brothman@weldonrothman.com
WELDON & ROTHMAN, PL
2548 Northbrooke Plaza Drive
Naples, Florida 34119
Tel: (239) 262-2141
Fax: (239) 262-2342
*Counsel for Plaintiff*