## SETTLEMENT AGREEMENT AND PLAINTIFF'S
## FULL AND FINAL RELEASE OF CLAIMS FOR UNPAID WAGES

1. This Agreement covers all understandings between OSCAR AGUIRIANO (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs), and SOUTH STREET RESTAURANT GROUP, INC. (hereinafter referred to as "Defendant," a term which is defined to include any and all related entities, owners, directors, administrators, agents, officers, supervisors, employees, attorneys, or representatives [all in their official and individual capacities], as well as its heirs, executors, administrators, predecessors, successors, insurers, assigns, and all other persons, partnerships, firms or corporations, and their insurers who are related to SOUTH STREET RESTAURANT GROUP, INC.).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle and release any and all claims which Plaintiff has against Defendant related to Plaintiff's claim for unpaid wages which arose or may have arisen prior to the date of execution of this Agreement; including without limitation, claims set forth in Case No. 2:18-cv-642-FtM (the "Lawsuit"); provided however, that any such release shall not be effective, final and binding if Defendant fails to make any portion of the payments described in Paragraphs 3 or 4 (the "Settlement Funds") or if any of said payments do not clear or if any of said payments are reversed due to bankruptcy proceedings filed by or against Defendant.

   B. To agree and acknowledge that this settlement does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendant to Plaintiff. In fact, Plaintiff acknowledges that Defendant specifically denies any wrongdoing or violation of law, and that Defendant is entering into this settlement to avoid the uncertainties and costs associated with protracted litigation.

3. For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendant agrees to pay the total consideration of Thirteen Thousand Seven Hundred Fifty Dollars and 50/100 ($13,750.00) in several separate payments as set forth in Paragraph 4 below ("Settlement Funds"). Plaintiff will receive a total of $9,500.00 representing wages and liquidated damages, and Plaintiff's counsel will receive $4,250.00, representing attorneys' fees and costs (the "Attorney Fee") incurred on Plaintiff's behalf.

4. Under this Agreement, the Settlement Funds and Attorney Fee shall be disbursed as follows:

Exhibit A

    a. Within fourteen (14) days after the Court approves the parties' settlement:

        i. One check payable to Plaintiff for $2,375.00 representing wages to be reported on a W-2 (with applicable withholdings);

        ii. One check payable to Plaintiff in the amount of $2,375.00 representing liquidated damages to be reported on a form 1099 and characterized as "other income"; and

        iii. One check payable to Weldon & Rothman, PL in the total amount of $2,125.00, representing attorneys' fees and costs, to be reported on a form 1099.

    b. Within thirty (30) days of the payment listed in Paragraph 4(a):

        i. One check payable to Plaintiff for $2,375.00 representing wages to be reported on a W-2 (with applicable withholdings)

        ii. One check payable to Plaintiff in the amount of $2,375.00 representing liquidated damages to be reported on a form 1099 and characterized as "other income";

        iii. One check payable to Weldon & Rothman, PL in the total amount of $2,125.00, representing attorneys' fees and costs, to be reported on a form 1099.

***Plaintiff is specifically aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter.***

5.    Each payment as described in Paragraph 4 above must be **received by Plaintiff's counsel** (c/o Bradley P. Rothman, Esq., Weldon & Rothman, PL, 2548 Northbrooke Plaza Drive, Naples, FL 34119) by the due date described above. If the Defendant fails to make any one of the payments described above by the due date, Bradley Rothman will notify the Defendant's representative (Suzanne Boy) by email at suzanne@bapfirm.com and request a cure of this defect. The Defendant shall thereafter have five (5) business days from the date of the notice to cure the defect (the "Cure Period"). If the defect is not cured within the Cure Period, the remaining balance of all amounts owed under this Agreement shall become immediately due and owing. Plaintiff shall have the right to immediately file suit or petition the court presiding over the Lawsuit to enter final judgment in favor of Plaintiff, and Defendant agrees to entry of Judgment in Plaintiff's favor (i) in an amount equal to the total amount due under Paragraph 3, less any payments made pursuant to Paragraph 4, (ii) interest (at the applicable State of Florida interest rate in effect)

from the date of execution of the Agreement, and (iii) reasonable attorneys' fees and costs associated with the entry of such judgment. Further, Defendant agree to waive any defenses except payment pursuant to Paragraph 4.

6. In the event that Plaintiff or Defendant commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

7. Plaintiff acknowledges and agrees that with the payment of the amounts stated in Paragraph 3, in light of the uncertainties of the parties' positions, he has been reasonably compensated for all wages and liquidated damages potentially owed to him under the Fair Labor Standards Act, as well as all attorneys' fees incurred to date, after being provided full and fair opportunity to review all relevant pay and time records.

8. By this Agreement and the consideration called for therein as part of this settlement, the parties fully release each other from and against any and all claims, demands, costs, expenses, commissions, liens, debts, liabilities, judgments, sums of money, actions, and causes of action of whatever kind and nature arising out of, resulting from, or in any way related to the Plaintiff's claims for overtime compensation, including, but not limited to, all claims for contract damages, tort damages, breach of duty, tortious interference, conversion, special, general, direct, and consequential damages, compensatory damages, loss of profits, injury to persons or property, punitive damages, attorneys' fees and any and all other damages of any kind or nature that arose or may have arisen prior to the execution of this Agreement related to the Plaintiff's claims for overtime compensation.

9. Plaintiff and Defendant agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. This Agreement may be executed in several counterparts and, as executed, shall constitute one Agreement binding on all of the Parties, notwithstanding that all Parties are not signatories to the original or the same counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all such counterparts together shall constitute one and the same instrument. An executed version of this Agreement, if

transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

11. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendant regarding the subject matter described herein. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendant.

12. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

13. The law governing this Agreement shall be that of the United States and the State of Florida.

DATE: 03/05/19

Signature:

_____
OSCAR AGUIRIANO

DATE: _____

Signature:

_____
SOUTH STREET RESTAURANT GROUP, INC.

Print: DIANA PLEETER

Title: PRESIDENT