UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSCAR AGUIRIANO, an individual

        Plaintiff,

v.                                                            Case No:   2:18-cv-642-FtM-29UAM

SOUTH STREET RESTAURANT
GROUP, INC.,

        Defendant.
_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Joint Motion to Approve Settlement and Dismiss with Prejudice. Doc. 21. The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss the case with prejudice. *Id.* at 1. For the reasons stated below, the Court recommends that the settlement be approved and Plaintiff's claims be dismissed with prejudice, but that the Court deny the parties' request in the motion for retention of jurisdiction for a period of 60 days.

On September 27, 2018, Plaintiff Oscar Aguiriano filed this case against Defendant seeking recovery of wages under the FLSA for unpaid overtime. Doc. 1. Defendant allegedly employed Plaintiff as a food preparer from about September 2015 to September 2018. *See id.* ¶ 16. Plaintiff claims Defendant failed to maintain proper time records and willfully violated the FLSA by failing to properly compensate him for overtime worked. *See id.* ¶¶ 17-22. On March 7,

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

2019, the parties filed their Joint Motion to Approve Settlement and Dismiss with Prejudice and the proposed settlement agreement.   Docs. 21, 21-1.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.  *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable.  *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.   "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."   *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Here, the joint motion states that a bona fide dispute exists between the parties as to the number of hours worked and whether Plaintiff qualified for exemption under the FLSA. Doc. 21 at 1-2. The parties have agreed, however, to a payment of $9,500 to Plaintiff representing unpaid wages and liquidated damages, with $4,750 representing unpaid wages and $4,750 representing liquidated damages. *Id.* at 2, 5; *see* Doc. 21-1. The settlement agreement provides that in exchange for the settlement proceeds, Plaintiff agrees to dismiss the case and release Defendant from "any and all claims which Plaintiff has against Defendant related to Plaintiff's claim for unpaid wages[.]" Doc. 21-1 at 1. The parties believe this is a fair and reasonable compromise of Plaintiff's FLSA claims. Doc. 21 at 3.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints

the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti*, 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

Here, the parties reached the settlement and agreed upon the costs separately and without regard to the amount paid to Plaintiff. Doc. 21-1 at 1-2. Defendant agrees to pay Plaintiff's attorney's fees and costs in the amount of $4,250. *Id.* at 1. The Court recommends this amount is reasonable and that the settlement agreement as proposed is a fair and reasonable agreement.

Finally, the parties request in the motion that the Court retain jurisdiction for a period of 60 days to enforce the settlement, in the event Defendant fails to make payments in accordance with the settlement agreement. Doc. 21 at 3. There is no retention of jurisdiction provision in the settlement agreement itself, however. *See generally* Doc. 21-1. Thus, while the Court recommends the settlement agreement is fair and reasonable and should be approved, the Court recommends the parties' request for the Court to retain jurisdiction be denied. *See King v. Wells Fargo Home Mortg.*, No. 2:08-cv-307-FtM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009) (approving FLSA settlement agreement but denying parties' request to retain jurisdiction where the agreement did not require it and the parties offered no articulation of independent jurisdiction).

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. The Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 21) be **GRANTED in part and DENIED in part**.

2. The Settlement Agreement and Plaintiff's Full and Final Release of Claims for Unpaid Wages (Doc. 21-1) be **APPROVED.**

3. The parties' request for the Court to retain jurisdiction over enforcement of the settlement agreement for a period of 60 days be **DENIED**.

4. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of March, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record